In re EPSTEIN.

(District Court, E. D. Pennsylvania. January 23, 1915.)

No. 4165.

BANKRUPTCY ⬤⟿224—REFEREES—JURISDICTION.

After an order of the referee in bankruptcy directing the bankrupt to deliver certain assets to the trustee had been affirmed by the District Court with some modification, and the District Court's order had been affirmed by the Circuit Court of Appeals, and a rule had been entered on the bankrupt to show cause why he should not be attached and held in contempt for failure to comply with such order, the referee had no authority or jurisdiction to make an order restraining the trustee from taking further proceedings for the bankrupt's commitment for failure to comply with such order until the further order of the court, and until a meeting of creditors had been called for a consideration of the matter, as it was for the court on the bankrupt's return to the rule, and not for the bankrupt or the creditors, to determine whether the bankrupt should be punished for contempt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 383; Dec. Dig. ⬤⟿224.]

In Bankruptcy. In the matter of A. Epstein, individually and trading as A. Epstein & Co., bankrupt. On certificate of referee surpetition of bankrupt to stay contempt proceedings against him. Referee's order vacated.

See, also, 206 Fed. 568.

Wessel & Aarons and George P. Rich, all of Philadelphia, Pa., for trustee.

Alexander J. Brian and Julius C. Levi, both of Philadelphia, Pa., for bankrupt.

THOMPSON, District Judge. There is nothing in the certificate of the referee properly presented for determination by the court in accordance with bankruptcy practice.

It appears from the certificate filed December 21, 1914, that upon a date not stated in March, 1914, upon petition of the bankrupt, the trustee was ordered by the referee to refrain from taking further proceedings for commitment of the bankrupt for failure to comply with an order of the court of February 4, 1914, for delivery to his trustee of certain property, "until further order of the court and until after a meeting of the creditors has been called for the consideration of the petition of the said bankrupt." The gist of the facts set out in the petition upon which this order of the referee was made is that the bankrupt is unable to comply with the order of the court, that he has made known to his creditors his inability, and that they have petitioned the court to relieve the bankrupt from any order for his commitment for contempt. The certificate contains a copy of an undated and unverified petition to the judges of the court purporting to be signed by creditors of the bankrupt submitting that, in their judgment, the bankrupt is unable to comply with the order of the court, and that, in their judgment, he has none of the property either in his possession or under his control, "and they crave that your honorable court will relieve the said bankrupt from any order praying for his commitment for contempt."

A petition of the Lehighton Lace Company, a creditor, is attached to the certificate objecting to the granting of the bankrupt's petition.

There is no petition accompanying the certificate of the referee for review of any order made by him, and the only order appearing in the certificate is the order above referred to restraining the trustee from taking further proceedings against the bankrupt for failure to comply with the order of this court made February 4, 1914. The order of the court was entered under the following circumstances:

Upon certificate by the referee for review of an order made by him upon the bankrupt directing him to deliver to the trustee certain assets, Judge McPherson, on July 14, 1913, affirmed the order with some modification. (D. C.) 206 Fed. 568. The bankrupt thereupon appealed to the Circuit Court of Appeals, with the result that the order of the District Court was affirmed. Epstein v. Steinfeld, 210 Fed. 236, 127 C. C. A. 54. Thereupon the mandate having come down, upon petition of the trustee, an order was entered requiring the bankrupt to deliver the merchandise to the trustee on or before February 14, 1914. On February 18, 1914, on petition of the trustee, a rule was entered on the bankrupt, returnable February 27, 1914, to show cause why he should not be attached and held in contempt for failure to comply with the order to deliver. On motion of the attorney for the bankrupt, the return day was subsequently extended to March 13, 1914. This rule is pending and undetermined in this court. The bankrupt has not filed an answer to the rule, and there has been no further prosecution thereon by the trustee in this court, presumably in obedience to the order of the referee.

The effect of the order of the referee therefore was to overrule and stay the contempt proceedings pending in this court for disobedience of an order made by the court in accordance with the mandate of the Circuit Court of Appeals by a restraining order upon the trustee. In the opinion of the court, this action of the referee was entirely without

authority or jurisdiction. The proceedings before the referee presented by the certificate seem to represent an attempt to substitute the judgment of the bankrupt and some of his creditors for that of the court in determining the question whether the bankrupt should be punished for his contempt. This is a question which will be determined by the court upon the return of the bankrupt to the rule entered upon him under which he has been in default since the return day, March 13, 1914.

The order of the referee directing the trustee to refrain from further proceeding under the rule pending in this court is vacated as unwarranted and beyond his authority and jurisdiction. An order will be entered upon the bankrupt requiring him to appear and answer to the rule for an attachment on or before February 22, 1915.